# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| LINDA TURNER, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 4:07-CV-69 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ improperly evaluated the combined effect of Claimant's impairments?**

II. **Whether the ALJ failed to properly evaluate Claimant's subjective allegations of pain?**

III. **Whether the ALJ erred in discounting the medical opinions of one of her treating physicians?**

IV. **Whether the ALJ erred in asking an incomplete hypothetical question to the vocational expert?**

## Administrative Proceedings

Claimant filed for disability benefits on February 19, 2003. (T-14). Claimant's applications were denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on October 11, 2006. (T-265-284). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated November 29, 2006. (T-14-30). Claimant then requested a review of the ALJ's findings by the Appeals Council wherein review was denied, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

## Statement of Facts and Evidence

Claimant alleged in her disability application that she was disabled due to back disorders, asthma, hypertension, headaches and chest pain. (T-14). After examining the medical records, the ALJ determined that Claimant had hypertension, obesity, history of spine and extremity pain, history of headaches, history of chest pain, history of cardiomegaly and history of asthma, impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-16). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform sedentary exertional work, but that she would not be able to return to her past relevant work. (T-26,27). The ALJ then procured the testimony of a Vocational Expert who testified that there were jobs which existed in significant numbers in the national economy which Claimant could perform. As such, the ALJ found that Claimant was not disabled. (T-27).

## DISCUSSION

**I.    Whether the ALJ improperly evaluated the combined effect of all of Claimant's impairments?**

Claimant first argues that the ALJ erred in failing to properly evaluate the effect of all of her impairments in combination. (R-11, p. 13). She contends that the ALJ failed to make specific and well-articulated findings regarding the degree of limitation produced by her impairments, both individually and in combination with each other. *Id.*

The Eleventh Circuit has repeatedly held that the Commissioner is required to consider all impairments and their effects when determining disability claims. *See, Davis v. Shalala* 985 F.2d 528, (11th Cir. 1993); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). The Regulations state that if, at step two of the five step process of determining disability, it is found that a medically severe combination of impairments exists, the combined impact of the impairments will be considered throughout the disability determination process. *See* 20 C.F.R. § 416.923. In this case, the ALJ found that the Claimant had impairments which are considered severe for purposes of 20 C.F.R. § 404.1520(b). Therefore, pursuant to 20 C.F.R. § 416.923, he was required to consider each of the impairments in combination to determine their impact on the Claimant at all later stages in his determination. There is no requirement that he discuss the impairments ad nauseam in combination, however, merely that he consider them. The Eleventh Circuit has held that an ALJ's statement that he considered the combined effects of the Claimant's impairments was enough to prove that he did, in fact, do so. *Wheeler v. Heckler*, 784 F.2d

1073, 1077 (11th Cir. 1986); *Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). In this case, the ALJ's opinion provides a thorough and detailed discussion of Claimant's medical history of record, testimony, and record as a whole.

The Claimant also alleges that the ALJ failed to consider the limiting effects of her obesity on her functional ability pursuant to SSR 02-01P. However, as the ALJ noted, Claimant failed to claim obesity as a disabling condition in her disability report. (T-25). Additionally, Claimant has failed to establish how obesity has affected her ability to function. It is up to the Claimant to present evidence to support her claims of impairment. *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c). The burden is not on the ALJ to establish the effects of an impairment and this Court can find no error where the Claimant failed to meet her burden of proof. Accordingly, the ALJ applied the appropriate legal standard, and his decision is supported by substantial evidence.

II. **Whether the ALJ failed to properly evaluate Claimant's subjective allegations of pain?**

In her Brief, the Claimant next contends that the ALJ erred in failing to properly analyze her subjective allegations of pain . (R-9, p. 7). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual,

and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

7

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).

In his Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, specifically referencing 20 C.F.R. §§ 404.1529, 416.929, and Social Security Rulings 96-3p, 96-4p and 96-7p. (T-19). The record reveals that the ALJ considered Claimant's testimony regarding her pain and physical limitations, the medical evidence in the record, and his determination of functional restrictions to find that Claimant's allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. (T-19-21).

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that the Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as

8

to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record.

## III. Whether the ALJ erred in discounting the medical opinions of one of her treating physicians?

Claimant next argues that the ALJ improperly discounted the opinion of one of her treating physicians. (R-11, p.23). Specifically, Claimant contends that the ALJ's determination that her treating orthopedic specialist, Dr. Nessouli's opinions were not entitled to controlling weight is reversible error. *Id.* Claimant further contends that the ALJ failed to properly evaluate Dr. Nessouli's opinions pursuant to the relevant regulatory factors. *Id.* at 24.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The ALJ must weigh conflicting medical evidence and decide which opinions are entitled to the greatest weight. Social Security regulations confirm that the ALJ has discretion to weigh conflicting medical opinions. *See* 20 C.F.R. §§ 404.1527, 416.927. The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

It is found that the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Nessouli and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including the treatment notes of Dr. Nessouli, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the symptoms and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found "not entirely credible." (T-21). Upon review of the entire

record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Nessouli, and substantial evidence supports his decision. Dr. Nessouli's treatment notes do not reflect the severity he alleges in the Clinical Assessment of Pain form he completed on October 5, 2005 (T-234), and the other medical evidence of record does not support his findings. As such, no error is found in the ALJ's decision to discount portions of the opinion of Dr. Nessouli.

**IV.    Did the ALJ err in asking an incomplete hypothetical question to the vocational expert?**

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977); *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). Taken further, hypothetical questions posed to vocational experts by ALJ's must set out precisely the claimant's particular physical and mental impairments. *Taylor v. Sullivan*, 951 F.2d 878, 882 (8th Cir. 1991). *See also Kosman v. Shalala*, 1993 U.S. App. LEXIS 9108 (9th Cir.). In addition, a hypothetical need only contain a claimant's credible limitations. *See Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998).

In her last enumeration of error, Claimant contends that the hypothetical questions asked of the vocational expert were incomplete wherein the ALJ failed to inquire as to the vocational impact caused by her chronic back pain and, further, failed to include any

11

limitations caused by her chronic headaches and the effects of her medications. (R-11, p. 24).

As to her contention that her chronic back pain should have been included in the hypothetical posed to the VE, the Claimant relies on the Clinical Assessment of Pain form Dr. Nessouli completed on October 5, 2005, wherein he found that her pain was of such intensity as to distract her from daily activities of work. (T-234). As was previously noted by the court, however, the ALJ properly discounted Dr. Nessouli's opinions regarding her pain. Because the ALJ did not give the opinion of Dr. Nessouli much weight, and the medical record did not substantiate her allegations of pain, the ALJ was not required to include the functional limitations found by Dr. Nessouli regarding her back pain in the hypothetical question asked to the VE.

As to her claim that the ALJ erred in failing to include functional limitations caused by her chronic headaches and the side effects of her medications in his hypothetical question, other circuits have held, and this court believes common sense dictates, that an ALJ is not required to include in his hypothetical questions to the vocational expert, limitations that he does not accept as true. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990); *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). "No symptom or combination of symptoms[2] can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically

---

[2] A symptom is an individual's own description of his physical or mental impairments. SSR-96-7p.

determinable physical or mental impairment that could reasonably be expected to produce the symptoms." SSR 96-7p (effective 7/2/96) "Assessing The Credibility Of An Individual's Statements"; *see also, Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Furthermore, the burden is upon Claimant to introduce into the record such medical documentation. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). Therefore, the ALJ was under no obligation to include her complaints of chronic headaches and the alleged side effects of her medications his hypothetical question to the vocational expert. Thus, the Court finds that the hypothetical included all of Claimant's credible limitations.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the claims of error as alleged by the Claimant. This Court further finds that the decision of the ALJ is supported by substantial evidence. The record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 29th day of July, 2008.

eSw

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE